IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CARGO-LEVANT SCHIFFAHRTSGESELLSCHAFT MBH | : | |
| Plaintiff | : | |
| vs. | : | Civil Action No. |
| PSL LIMITED | : | |
| Defendant | : | |
| and | : | |
| PSL USA, INC., and PSL NORTH AMERICA, LLC, | : | |
| Garnishees | : | |

## VERIFIED COMPLAINT IN ADMIRALTY

Cargo-Levant Schiffahrtsgesellschaft MbH ("Cargo Levant"), by and through its undersigned counsel, Palmer Biezup & Henderson, LLP, files this Verified Complaint in Admiralty against Defendant PSL Limited and alleges, upon information and belief, as follows:

### JURISDICTION

1.      This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. §1333.  Jurisdiction also exists under 9 U.S.C. § 203, as this action is brought in aid of recognition and enforcement of a foreign arbitral award.

## THE PARTIES

2.      At all material times Plaintiff Cargo Levant was and is a company organized and existing under the laws of the Republic of Germany, with a principal place of business at Domshof 18-20, 28195 Bremen, Germany, and was and is engaged in the business of the carriage of merchandise by sea for hire.

3.      At all material times Defendant PSL Limited was and is a company organized and existing under the laws of India, with a principal place of business in Mumbai, India.

4.      Garnishee PSL USA Inc., is a corporation organized and existing under the laws of the state of Delaware, with a registered agent located at Corporation Trust Co., 1209 Orange St., Wilmington, DE, 19801

5.      Garnishee PSL North America, LLC is a corporation organized and existing under the laws of the state of Delaware, with a registered agent located at Corporation Trust Co., 1209 Orange St., Wilmington, DE, 19801.

## THE UNDERLYING DISPUTE AND ARBITRATION AWARD

6.      At all times material hereto Plaintiff Cargo Levant was the disponent owner of the ocean-going cargo vessel M/V SUNRISE.

7.      Plaintiff Cargo Levant and Defendant PSL Limited entered into a Liner Booking Note ("Booking Note") dated June 26, 2009, whereby Defendant PSL Limited contracted with the Plaintiff for the carriage of a cargo of steel pipes from Mundra, India, to either Algiers or Skikda, at Defendant's option, aboard the M/V SUNRISE. (A copy of the Liner Booking Note, including the arbitration agreement is attached as Exhibit A).

8.      A dispute arose between Cargo Levant and PSL Limited when the shipment of the cargo contemplated by the Booking Note did not take place as agreed.

2

9.     Clause 22 of the Booking Note provided that all disputes between the parties were to be arbitrated in London, England, with English law to apply.

10.     Plaintiff Cargo Levant commenced an arbitration proceeding in London against Defendant PSL Limited seeking payment of the amounts due to Cargo Levant under the Booking Note.

11.     An arbitration hearing was held in London on March 12, 2012, before the appointed sole arbitrator, David Farrington, at which time Cargo Levant and PSL Limited appeared and presented their respective cases.

12     The arbitrator David Farrington issued his Final Arbitration Award on April 30, 2012, finding in favor of Cargo Levant, and awarding Cargo Levant the principal sum of $421,031.90, plus interest at the rate of 5.50% compounded every three months from September 1, 2009 through the date of payment, together with the Plaintiff's share of the arbitrator's fees in the amount of $8,419.95, plus interest thereon at the rate of 5.5% compounded every three months from the date of payment by the Plaintiff to the date of reimbursement by the Defendant and costs incurred by the Plaintiff in connection with the arbitration in an amount to be determined and approved by the arbitrator plus interest thereon at the rate of 5.5% compounded every three months from April 30, 2012, to the date of payment. (A copy of the arbitration award is attached as Exhibit B).

13.     The Final Arbitration Award in favor of Cargo Levant remains unpaid despite due demands made by Cargo Levant to Defendant PSL Limited.

## DEFENDANT NOT FOUND WITHIN THIS DISTRICT

14.     Defendant PSL Limited cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal

3

Rules of Civil Procedure ("Supplemental Admiralty Rules").   (See supporting Affidavit of Michal B. McCauley, attached hereto as Exhibit C).

15.     Upon information and belief, Defendant now has, or during the pendency of this action will have, property, goods, chattels, or credits and effects present within this District and Plaintiff is entitled to attach Defendant's property within the District pursuant to Supplemental Admiralty Rule B.

16.     Upon information and belief, the named Garnishees, PSL North America, LLC and/or PSL USA Inc. now have, or during the pendency of this action will have, certain tangible or intangible goods, chattels, credits, freights, effects, debts, obligations, assets and/or funds belonging to, owed to, claimed by or being held for Defendant PSL Limited within their custody or possession and/or under their control within this District.

17.     Cargo Levant seeks an Order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Supplemental Admiralty Rule B and also pursuant to the United States Arbitration Act, 9 U.S.C. § 1 and 8, attaching, inter alia, any property of PSL Limited held by the aforesaid garnishees or otherwise present in this District for the purpose of obtaining personal jurisdiction over PSL Limited, and to secure Cargo Levant's claims as described above.

WHEREFORE, Cargo Levant prays:

A.     That process in due form of law according to the practice of this Honorable Court in causes of admiralty and maritime jurisdiction may issue against Defendant, PSL Limited, Inc., and that such Defendant be personally cited to appear and answer the matters aforesaid;

B.     That Process of attachment and garnishment be issued and served pursuant to Supplemental Admiralty Rules B(1) and E against the named Garnishees, PSL North America,

4

LLC and PSL USA Inc. to attach all goods, chattels, debts, credits, freights, property, monies, funds and/or other effects, tangible or intangible, belonging to, owed to, claimed by or being held for or on behalf of Defendant PSL Limited to secure Cargo Levant's claims up to the amount of $421,031.90, plus interest at the rate of 5.50% compounded every three months from September 1, 2009 through the date of payment, together with the Plaintiff's share of the arbitrator's fees in the amount of $8,419.95, plus interest thereon at the rate of 5.5% compounded every three months from the date of payment by the Plaintiff to the date of reimbursement by the Defendant and costs incurred by the Plaintiff in connection with the arbitration in an amount to be determined and approved by the arbitrator plus interest thereon at the rate of 5.5% compounded every three months from April 30, 2012, to the date of payment, directing said Garnishees to retain any and all such tangible or intangible property intact within this District pending the further Order of this Court and citing said Garnishees to appear and answer under oath the matters aforesaid as required by Supplemental Admiralty Rule B(3)(a); and

C. That since PSL Limited cannot be found within this District within the meaning of Supplemental Admiralty Rule B, that the Clerk be directed to issue supplemental Process of Maritime Attachment and Garnishment to attach any and all additional goods, chattels, debts, credits, freights, property, monies, funds and/or other effects, tangible or intangible, belonging to, owed to, claimed by or being held for or on behalf of Defendant which may be found within the jurisdiction of this Court to secure Cargo Levant's claims up to the amount of principal sum of $421,031.90, plus interest at the rate of 5.50% compounded every three months from September 1, 2009 through the date of payment, together with the Plaintiff's share of the arbitrator's fees in the amount of $8,419.95, plus interest thereon at the rate of 5.5% compounded every three months from the date of payment by the Plaintiff to the date of

reimbursement by the Defendant and costs incurred by the Plaintiff in connection with the arbitration in an amount to be determined and approved by the arbitrator plus interest thereon at the rate of 5.5% compounded every three months from April 30, 2012, to the date of payment, and that all persons claiming any interest in said property be cited to appear, and pursuant to Supplemental Admiralty Rule B, answer the matters alleged in the Complaint; and

D.     That this Honorable Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be commenced in the future, including any appeals thereof; and

E.     That Cargo Levant be awarded such other, further and different relief as the Court may deem just and proper.


PALMER BIEZUP & HENDERSON LLP

Dated: October 25, 2012                 By:   /s/ Michael B. McCauley
                                              Michael B. McCauley (ID 2416)
                                              1223 Foulk Road
                                              Wilmington, DE 19803
                                              (302) 594-0895
                                              mccauley@pbh.com
                                              Attorneys for Plaintiff Cargo Levant
                                              Schiffahrtsgesellschaft MbH


OF COUNSEL:

PALMER BIEZUP & HENDERSON LLP
Frank P. DeGiulio
Kevin G. O'Donovan
190 N. Independence Mall West
Suite 401
Philadelphia, PA 19106
(215) 625-9900
Attorneys for Cargo Levant
Schiffahrtsgesellschaft MbH

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CARGO-LEVANT                              :
SCHIFFAHRTSFESELLSCHAFT MBH   :
                                          :
              Plaintiff                   :
                                          :
:
              vs.                         :      Civil Action No.
                                          :
PSL LIMITED                               :
                                          :
              Defendant                   :
                                          :
       and                                :
                                          :
PSL USA, INC., and                        :
PSL NORTH AMERICA, LLC,                   :
                                          :
              Garnishees                  :

## VERIFICATION

Frank P. DeGiulio, being duly sworn according to law, deposes and says:

1.     I am a partner in the law firm Palmer Biezup and Henderson, LLP, counsel to the Plaintiff, Cargo-Levant Schiffahrtsgesellschaft MbH.

2.     Plaintiff is a business entity organized and existing under the laws of a foreign country, none of the officers of which are now within this District and I am authorized to make this Verification on their behalf.

3.     The facts alleged in the foregoing complaint are true and correct to the best of my knowledge, information and belief.

7

4.     The sources of your deponent's information are documents and information furnished to me by the Plaintiff and discussions with the Plaintiff's solicitors in London, England.

I hereby certify that I have read the foregoing statements and that they are true and correct.

_____

Frank P. DeGiulio

SUBCRIBED TO AND SWORN TO before me

this 25th day of October, 2012.

_____

Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Charles P. Neely, Notary Public
New Britain Twp., Bucks County
My Commission Expires April 22, 2016
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

8