IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CARGO-LEVANT SCHIFFAHRTSGESELLSCHAFT MBH<br><br>    Plaintiff<br><br>  vs.<br><br>PSL LIMITED<br><br>    Defendant<br><br>  and<br><br>PSL USA, INC., and<br>PSL NORTH AMERICA, LLC,<br><br>    Garnishees | Civil Action No. |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ORDER OF MARITIME ATTACHMENT AND GARNISHMENT

### PRELIMINARY STATEMENT

Plaintiff, Cargo-Levant Schiffahrtsgesellschaft MbH ("Cargo Levant") respectfully submits this Memorandum of Law in support of its application for an order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

### STATEMENT OF FACTS

Plaintiff, Cargo Levant, was the owner of the ocean-going cargo vessel M/V SUNRISE. Cargo Levant and Defendant PSL Limited entered into a Liner Booking Note ("Booking Note") dated June 26, 2009, whereby Defendant PSL Limited contracted with the Plaintiff for the

PBH392810.1

carriage of a cargo of steel pipes from Mundra, India, to either Algiers or Skikda, at Defendant's option, aboard the M/V SUNRISE.

A dispute arose between Cargo Levant and PSL Limited when the shipment of the cargo contemplated by the Booking Note did not take place as agreed. Clause 22 of the Booking Note provided that all disputes between the parties were to be arbitrated in London, England, with English law to apply. Therefore, Plaintiff Cargo Levant commenced an arbitration proceeding in London against Defendant PSL Limited seeking payment of the amounts due to Cargo Levant under the Booking Note.

An arbitration hearing was held in London on March 12, 2012, before the appointed sole arbitrator, David Farrington, at which time Cargo Levant and PSL Limited appeared and presented their respective cases. On April 30, 2012, David Farrington issued his Final Arbitration Award finding in favor of Cargo Levant, and awarding Cargo Levant the principal sum of $421,031.90, plus interest at the rate of 5.50%, compounded every three months from September 1, 2009 through the date of payment, together with the Plaintiff's share of the arbitrator's fees in the amount of $8,419.95, plus interest thereon at the rate of 5.50% compounded every three months from the date of payment by the Plaintiff to the date of reimbursement by the Defendant and costs incurred by the Plaintiff in connection with the arbitration in an amount to be determined and approved by the arbitrator, plus interest thereon at the rate of 5.50% compounded every three months from April 30, 2012, to the date of payment. That Final Arbitration Award in favor of Cargo Levant remains unpaid despite due demands made by Cargo Levant to Defendant PSL Limited.

## ARGUMENT

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Supplemental Admiralty Rule B"), specifically permits prejudgment attachment in admiralty or maritime cases whenever the defendant cannot be "found" within the district:

> With respect to any admiralty or maritime claim in personam a verified complaint may contain a prayer for process to attach the defendant's good and chattels, or credits and effects in the hands of garnishees to be named in the process to the amount sued for, if the defendant shall not be found within the district. Such a complaint shall be accompanied by an affidavit signed by the plaintiff or the plaintiff's attorney that, to the affiant's knowledge, or to the best of the affiant's information and belief, the defendant cannot be found within the district. The verified complaint and affidavit shall be reviewed by the court and, if the conditions set forth in this rule appear to exist, an order so stating and authorizing process of attachment and garnishment shall issue.

Plaintiff's claim arises under a contract for the shipment of cargo, which is a maritime contract and places the claim within the admiralty jurisdiction of this Court. G. Gilmore & C. Black, *The Law of Admiralty*, 22, n. 63 (2d ed. 1975); 1 Benedict On Admiralty §184 (7th rev. ed. 2002); *MTO Maritime Overseas Transp., Inc. v. Umm Al Jawaby Petro. Co. N.V.*, 624 F. Supp. 272 (S.D. Tx. 1985). Because Plaintiff's claim is a maritime claim, it is entitled to attach of the Defendant's property in this District "if the defendant[s] shall not be found within the district" within the meaning of Supplemental Rule B.

For purposes of Supplemental Rule B, the term "found within the district" presents a two-pronged inquiry. A defendant is "found within the district" for the purposes of the rule only if it is otherwise subject to personal jurisdiction *and* has an agent for service of process within the district. *Seawind Compania, S.A. v. Crescent Line, Inc.*, 320 F.2d 580, 582 (2d Cir. 1963); *see also*, 29 Moore's Federal Practice § 705.02[2][b] (Matthew Bender 3d ed.).

As set for the Affidavit of Michael B. McCauley submitted pursuant in support of the Complaint pursuant to Supplemental Admiralty Rule B(1)(b), investigation has shown that the Defendant PSL Limited cannot be found within this District within the meaning of the rule because it is not organized or authorized to do business under the laws of the State of Delaware, maintains no office or means of contact in this District, has no agent for service process and is, by all accounts, an entity organized and existing under the laws of the country of India where its corporate offices are located. Accordingly, the defendant is not "found" within this District within the meaning of Rule B and the issuance of an order of maritime attachment and garnishment is proper in this case.

Plaintiff seeks to attach Defendant's property which, upon information and belief, is in the possession and control of third-party garnishees located within this district. Without an order for issuance of Process of Attachment and Garnishment, plaintiff will be unable to secure its claim against the Defendant and the Defendant will be in a position to arrange and effect the transfer of its property out of this jurisdiction thereby thwarting Plaintiff's eventual recovery. Plaintiff therefore requests that the Court issue an order authorizing Process of Maritime Attachment and Garnishment in order to secure plaintiff's claim up to and including the amount of $504,424.21, plus interest from August 30, 2012, and costs to be determined.

                Respectfully Submitted,

                PALMER BIEZUP & HENDERSON LLP

Dated: October 25, 2012        By:  /s/ Michael B. McCauley
                Michael B. McCauley (ID 2416)
                1223 Foulk Road
                Wilmington, DE 19803
                (302) 594-0895
                mccauley@pbh.com

                                                          Attorneys for Plaintiff Cargo Levant
Schiffahrtsgesellschaft MbH

OF COUNSEL:

PALMER BIEZUP & HENDERSON LLP
Frank P. DeGiulio
Kevin G. O'Donovan
190 N. Independence Mall West
Suite 401
Philadelphia, PA 19106
(215) 625-9900
Attorneys for Cargo Levant
Schiffahrtsgesellschaft MbH

PBH392810.1